IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0038-01 |
| | § | |
| JOEY HERRERA | § | (Civil Action No. H-11-3989) |
| | § | |

# MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Joey Herrera, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 697]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Herrera's pending motion and the corresponding civil action (H-11-3989) must be dismissed for reasons set forth below.

## I.    BACKGROUND

In February of 2007, a federal grand jury in this district returned an indictment against Herrera and several co-defendants, charging conspiracy and multiple counts of possession with intent to distribute cocaine. On October 22, 2007, Herrera agreed to plead guilty to the conspiracy count of the indictment (count one) pursuant to the terms of a written plea agreement. In that written plea agreement, Herrera admitted that he conspired with several of his co-defendants, and others, to possess with intent to distribute an amount greater than 5 kilograms of cocaine. *See Plea Agreement*, Doc. # 318, at ¶ 16a. Herrera admitted further

that, during the course of the conspiracy, he distributed over 150 kilograms of cocaine that had been smuggled into the United States from Mexico.  *Id.* at ¶ 16b.

According to the Pre-Sentence Report ("PSR") prepared by the Probation Office, Herrera faced a potential range of 262-327 months' imprisonment under the advisory Sentencing Guidelines. Citing Herrera's cooperation with law enforcement, the government filed a motion on Herrera's behalf recommending a downward departure in sentence [Doc. # 659].  The Court granted the government's motion and, in a judgment entered on October 5, 2009, sentenced Herrera to serve 180 months in prison, followed by a 5-year term of supervised release.  Herrera did not pursue a direct appeal.

Herrera has now filed a motion for relief from his conviction and sentence under 28 U.S.C. § 2255.  In that motion, filed on November 11, 2011, Herrera contends that he is entitled to relief because the defense attorney who represented him during his guilty plea proceeding, Abraham Moses Fisch, falsely claimed that he could obtain Herrera's release in exchange for a cash deposit of $80,000.00.  In particular, Fisch purportedly promised that an associate, identified as Lloyd Glen Williams, had the power to have Herrera released from prison" and that, "at the time of Herrera's sentencing, a recommendation from Williams would be on the judge's desk, requesting that Herrera be released."  Herrera complains that his mother, Socorro Herrera deposited $80,000.00 in Fisch's IOLTA account, but that he was not released as promised by Fisch.  Herrera explains that he did not challenge his conviction or sentence previously, because he only recently learned that Fisch and Williams were

2

indicted by a grand jury in this district and charged with conspiracy, obstruction of justice, among other things. *See United States v. Fisch, et al.*, Crim. No. H-11-0722 (S.D. Tex.).

Herrera argues that, as the result of his counsel's misrepresentations, he is entitled to a reduction in the term of his imprisonment. In support of that claim, Herrera argues that he was deprived of the opportunity to cooperate with law enforcement prior to his sentencing in 2009, because Fisch insisted that he "keep the nature of Williams' assistance secret from the court, the government, and other attorneys." Casting these allegations as a denial of effective assistance of counsel, Herrera contends that he is entitled to relief in the form of an additional reduction in sentence under 28 U.S.C. § 2255. Herrera's motion must be denied for reasons set forth briefly below.

## II. DISCUSSION

### A. Waiver

The motion must be denied because, pursuant to the written plea agreement in this case, Herrera waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. *See Plea Agreement*, Doc. # 318, at ¶ 9. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Although Herrera claims that his counsel made a number of serious misrepresentations, he does not clearly articulate facts showing that the guilty plea or the waiver was tainted by ineffective assistance of counsel. *See United States v. White*, 307 F.3d

3

336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). In that respect, even if Fisch and Williams made the alleged false statements, Herrera does not assert that, but for his counsel's deficient performance, he would not have pleaded guilty and would have insisted on a trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (outlining the test for ineffective assistance of counsel in the guilty-plea context). The Court concludes, therefore, that Herrera's claims are foreclosed by the written plea agreement.

### B.     One-Year Statute of Limitations

Alternatively, even if not waived, the motion is untimely. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all petitions or motions for collateral relief under 28 U.S.C. §§ 2254, 2255 are subject to a one-year limitations period. The limitations period for a § 2255 motion runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered by the exercise of due diligence.

28 U.S.C. § 2255(f). A motion filed more than a year after the latest of these dates is subject to dismissal as barred by the AEDPA statute of limitations.

In this case, Herrera was sentenced on September 30, 2009, pursuant to a judgment that was entered in the record on October 5, 2009. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking direct appellate review of a conviction has expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Herrera did not pursue a direct appeal. "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Because Herrera did not file an appeal, his judgment became final ten days later, on or about October 15, 2009, when his time to pursue direct review expired. *See* FED. R. APP. P. 4(a)(A) (2009).[1] That date triggered the AEDPA statute of limitations, which expired no later than October 15, 2010. Herrera's pending motion, which was filed on November 11, 2011, is late by more than a year and is time-barred for purposes of 28 U.S.C. § 2255(f)(1) unless another provision applies.

---

[1] An amended version of Federal Rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009. The December 1, 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

Herrera, who has filed his motion with the assistance of counsel, contends that his motion is not untimely because it is based on "new information, not formerly available to him despite any degree of diligence on his part," which would support relief under 28 U.S.C. § 2255 "on the basis of ineffective assistance of counsel" [Doc. # 697, at 2]. Herrera reports, in particular, that he only recently learned on October 28, 2011, that Fisch and Williams were arrested pursuant to the indictment filed in this district on October 19, 2011, charging them with conspiracy and obstruct of justice, among other allegations. *See United States v. Fisch, et al.*, Crim. No. H-11-0722 (S.D. Tex.). Thus, Herrera appears to claim that the limitations period is governed by 28 U.S.C. § 2255(f)(4), which runs from the date that he discovered these new facts.

Contrary to Herrera's argument, the pleadings reflect that he was well aware of the factual predicate that forms the basis for his proposed ineffective-assistance claim on September 30, 2009, when this Court imposed a sentence of imprisonment, rather than the immediate release that Fisch and Williams purportedly promised. Herrera does not otherwise demonstrate that he pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Under these circumstances, Herrera fails to establish that § 2255(f)(4), or any other statutory or equitable exception, applies. Because Herrera does not establish that a statutory or equitable exception applies, his pending motion for relief under § 2255 must be dismissed as untimely filed.

### C. The Relief Sought Is Not Available Under 28 U.S.C. § 2255

In addition, the pending motion must be denied because the relief that Herrera appears to seek is not available under 28 U.S.C. § 2255. Motions filed under § 2255 typically authorize a district court to vacate, set aside, or correct a sentence that was improperly imposed. Here, however, Herrera "moves the court for an order reducing the term of imprisonment on the grounds that new factual information has been discovered" regarding his defense counsel's indictment on October 19, 2011, and subsequent arrest on charges that he conspired with others to obstruct justice, among other things. *See United States v. Fisch, et al.*, Crim. No. H-11-0722 (S.D. Tex.). As grounds for a reduction in sentence, Herrera claims that he was previously prevented from sharing information about Fisch's misrepresentations because Fisch insisted that he keep it a secret from the court, the government, and other attorneys [Doc. # 697, at 3]. Herrera suggests, therefore, that he is now entitled to an additional reduction in sentence for providing this information.

The Court notes that Herrera's case is among those specifically mentioned in the pending indictment against Fisch and Williams. To the extent that Herrera has provided information to law enforcement about his defense counsel's actions, he appears to seek a reduction in sentence based on post-sentencing substantial assistance, which is governed by Rule 35(b) of the Federal Rules of Criminal Procedure. In particular, Rule 35(b) provides that the district court, on motion of the government, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. By its plain terms, Rule 35(b) authorizes the

government, not the defendant, to file a motion seeking a reduced sentence. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). The record confirms that, to date, the government has not filed a Rule 35(b) motion on Herrera's behalf in this case. Therefore, Herrera's request for relief under Rule 35(b) is "an unauthorized motion" that this Court lacks jurisdiction to entertain. *See Early*, 27 F.3d at 142. For this additional reason, his pending motion must be denied.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the foregoing reasons, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the defendant has a valid claim. Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The defendant's pending motion [Doc. # 697] and the corresponding civil action (H-11-3989) are **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-11-3989.

SIGNED at Houston, Texas, on December 9, 2011.

_____
Nancy F. Atlas
United States District Judge